IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| OWEN LEWIS FINCH, ) | |
| ) | |
| Movant, ) | |
| ) | |
| VS. ) | Civ. No. 15-1235-JDT-egb |
| ) | Crim. No. 07-10099-JDT |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255

On February 14, 2008, Owen Lewis Finch entered a guilty plea to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). (No. 07-10099, Crim. ECF Nos. 24, 25 & 26.) At the sentencing hearing this Court determined, based in part on prior Tennessee convictions for aggravated burglary and attempted aggravated burglary, that Finch qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. Consequently, he was sentenced to a 180-month term of imprisonment and a three-year term of supervised release. (No. 07-10099, Crim. ECF Nos. 31, & 32.) In accordance with the plea agreement, Finch did not file an appeal.

On September 21, 2015, Finch filed a *pro se* § 2255 motion, contending that his sentence is unlawful under the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 1.) Counsel has made an appearance on Finch's behalf. (ECF No. 7.)

In *Johnson*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore,

a denial of due process. 135 S. Ct. at 2563. The decision in *Johnson* later was held to be retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

At the time of Finch's sentencing, it was the law in the Sixth Circuit that Tennessee aggravated burglary qualified as a categorical violent felony under the ACCA's enumerated offenses clause, not under the residual clause. *See United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007). However, the Sixth Circuit has now overruled *Nance* in *United States v. Stitt*, 860 F.3d 854, 860-61 (6th Cir. 2017) (en banc). The Court of Appeals held in *Stitt* that "[b]ecause Tennessee's aggravated-burglary statute is both broader than generic burglary under the categorical approach and indivisible, a conviction under the statute does not count as a violent felony under the ACCA." *Id.* at 862. As a result of that decision, Finch's prior Tennessee convictions for aggravated burglary and attempted aggravated burglary can no longer be used as predicate offenses under either the enumerated offenses clause or the residual clause of the ACCA. Therefore, Finch no longer has the requisite number of prior convictions under the ACCA. He has filed a motion asking that consideration of his § 2255 motion be expedited. (ECF No. 10.)

Absent the ACCA enhancement the maximum prison sentence Finch could have received was 10 years or 120 months. In addition, under the current sentencing guidelines, Finch's total offense level is 19[1] and his criminal history category VI, making the advisory guideline range 63-78

---

[1] The base offense level for a conviction under 18 U.S.C. § 922(g) is 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). According to the Presentence Report (PSR), Finch has a prior conviction for aggravated robbery that qualifies as a "crime of violence" under the current version of § 4B1.2(a), which defines that term for purposes of § 2K2.1. (PSR ¶ 34.) A 2-level increase is added pursuant to § 2K2.1(b)(4)(A) because the firearm in question was stolen. After also applying a 3-level reduction for acceptance of responsibility in accordance with § 3E1.1(b), the total offense level is 19.

months, which he has already served. A status conference with counsel was held on August 9, 2017, and the United States has now filed a response to the motion agreeing that under *Johnson* and *Stitt* Finch's prior convictions no longer qualify him as an armed career criminal and that, if the Court grants Finch's § 2255 motion on that basis, an amended criminal judgment should be entered sentencing him to time served. (ECF No. 15.)

Finch has also requested in his motion for immediate release that his term of supervised release be reduced from three years to one year. At the status conference, the Government objected to that request. Under the circumstances of this case, the Court finds that the original term of three years of supervised release is still appropriate.

Because the ACCA no longer applies to Finch, the motion under 28 U.S.C. § 2255 is GRANTED. The judgment in the criminal proceeding is hereby SET ASIDE. The Clerk is directed to prepare an amended criminal judgment sentencing Finch to time served and three years of supervised release.

The Clerk is also directed to prepare a judgment in this civil case.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE